UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER PAUL HAWK,<br><br>    Defendant. | Case No.  CR01-5218RJB<br><br>ORDER ON REMAND |

This matter comes before the court on remand from the Ninth Circuit Court of Appeals (Ninth Cir. No. 04-30144, District Court Docket No. 82). The remand was pursuant to *United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir. 2005). The mandate was issued on September 18, 2006.

Following the issuance of the mandate, attorney Zenon P. Olbertz was appointed to represent Mr. Hawk (Dkt. 84), and the court issued a Procedural Order (Dkt. 85). In pertinent part, said Procedural Order stated:

> In accord with *Ameline*, each party may file a pleading addressing the sole question of whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were only advisory. The court is mindful that the burden of proof is on the defendant to prove the positive of the stated proposition, and the court assumes that the burden is by a preponderance of the evidence. Counsel should be mindful that the question at this point is not whether the defendant should have received a different sentence. Those questions may be addressed if a sentencing is reordered.

ORDER ON REMAND - 1

On review of the aforementioned pleadings, the presentence investigations and transcripts of the sentencing (if available), the court will either grant resentencing, deny resentencing, or order oral argument or an evidentiary hearing on whether there should be a resentencing." A deadline of October 27, 2006, was set for submission of pleadings.

Following issuance of that order, many additional pleadings and documents were filed and the matter was delayed and continued. Much of the delay was caused by the defendant's mental health issues and attempts by Mr. Olbertz to communicate with his client.

Finally, on January 26, 2007, the court issued a Second Procedural Order (Dkt. 98), which included the following language:

> [T]he matter has been delayed because defense counsel raised questions regarding the defendant's mental status, and investigation of that matter was had. It now appears to the court that the defendant need not be present during these proceedings unless a resentencing is ordered, and that the defendant has no right to allocution. *United States v. Silva*, ___ F.3d ___, WL 10032 (9th Cir. Jan. 3, 2007). This proceeding is a "look back" to what was before the court at the time of sentencing. This limited remand can be fairly completed by review of the file, including transcripts of the sentencings and the Presentence Investigation, along with the briefing and argument of counsel.
> Therefore, the court declines to order a complete mental health evaluation, or to return Mr. Hawk to this jurisdiction.

In that order, the court authorized additional briefing and set the matter for disposition on or after February 8, 2007.

The court has now reviewed and considered the entire file, including the briefing of the parties on the issue at hand. The court has also reviewed defendant's Presentence Report and the transcripts of the sentencing hearing (Dkt. 61), and the resentencing (Dkt. 70).

For the reasons stated below, the court now finds that the sentence imposed would not have been materially different had the district court known that the sentencing guidelines are only advisory.

The court incorporates, by this reference, the court's statements at sentencing as set forth in the transcript of sentencing (Dkt. 61), beginning at page 40 and ending at page 46, and at resentencing as set forth in the transcript of that proceeding (Dkt. 70), beginning at page 22 and

ORDER ON REMAND - 2

ending at page 27.  At the time of sentencing, on January 25, 2002, and at the time of resentencing on January 14, 2004, the court was aware of defendant's mental and emotional health issues (which may have worsened since that time), the defendant's alcoholism, unfortunate childhood and criminal history.  The court was aware of the facts of his offense of Second Degree Murder and believed, at the time of sentencing, based on all of the information before the court, that the defendant was a danger to the public because of the very high risk that, if left unchecked, the defendant would continue to drink and when intoxicated, would continue to commit violent crimes.  The record indicated that the defendant had no ability to control his alcoholism, which was combined with a fragile mental and emotional makeup.  The court carefully considered the application of 18 U.S.C. § 3553 and believed then and believes now that the most important consideration at sentencing was the need for the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

Because of the need to protect the public from the defendant, if the court had been aware at sentencing and resentencing that the guidelines were only advisory, the court may have imposed a longer sentence than the 188 months maximum under the guidelines.   The court certainly would not have provided a sentence of anything less than the 15 year and 8 month, or 188 month, sentence that was imposed.

For the foregoing reasons, the court now finds that the sentence imposed in this case would not have been materially different had the district court known that the sentencing guidelines were only advisory, and the court concludes that the defendant should not be resentenced.

**IT IS SO ORDERED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of February, 2007.

Robert J. Bryan
United States District Judge

ORDER ON REMAND - 3